UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00583-MOC
(3:15-cr-00147-MOC-2)

| | |
|---|---|
| JOSE CARMEN SOSA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Respondents. | ) ) ) |

**THIS MATTER** is before the Court on the filing of Petitioner's "Verified Petition for a Writ of Habeas Corpus and Motion for Downward Departure." [Doc. 1].

**I.   BACKGROUND**

Petitioner Jose Carmen Sosa ("Petitioner") is a federal inmate currently incarcerated at Rivers Correctional Institute ("Rivers CI") in Winton, Hertford County, North Carolina. Hertford County is located in the United States District Court for the Eastern District of North Carolina. As Respondents Petitioner names the United States of America; the Federal Bureau of Prisons; Brick Tripp, identified as the Warden of Rivers CI; and U.S. Immigration and Customs Enforcement (ICE). [Doc. 1 at 1, 3-4]. Petitioner is a native and citizen of Mexico. [Id. at 3]. He was convicted of conspiracy to posses with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and sentenced to a term of imprisonment of 120 months. [Criminal Case No. 3:15-cr-00147-MOC-2 ("CR"), Doc. 86: Judgment]. Judgment was entered on Petitioner's conviction on March 11, 2016. [Id.]. On August 23, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, but it was dismissed on initial review for failure to state a colorable claim for relief. [Civil Case No. 3:16-cv-00630-MOC, Docs. 1, 2].

In the instant proceedings, Petitioner "petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his Immigration Detainer by the United States Department of Homeland Security, [ICE]…." [Id. at 1]. Petitioner, however, seems to assert claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on alleged violations of his rights under the Fifth and Eighth Amendments for the conditions of confinement at Rivers CI. [See Doc. 1 at 4-10]. Petitioner also argues that his "immigration status provides grounds for downward departure" because Rivers CI does not have the capacity to rehabilitate prisoners and "the BOP is in violation" for not insuring that the § 3553(a) factors "ha[ve] been applied." [Id. at 10-12].

For relief, Petitioner asks that his sentence be reduced by at least 18 months "for all he has suffered and [is] still suffering at Rivers Correctional Institution" and "considering all the bad treatment by the administration of BRICK TRIPP and all his official(s)." [Id. at 12]. As such, it appears that Petitioner's petition is, in substance, an action for the violation of his civil rights under 42 U.S.C. § 1983, as it does appear to actually seek habeas relief. Rather, it seems Petitioner wants his sentence reduced as remuneration for the alleged constitutional violations.

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b). It provides that a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. §

2

1391(b).

Therefore, a plaintiff's action may be heard in a venue where the defendants reside, or in the venue where a substantial part of the events or omissions giving rise to such plaintiff's claim occurred, which, here, is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action to the Eastern District of North Carolina.[1]

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Clerk is instructed to terminate this action.

Signed: November 2, 2020

Max O. Cogburn Jr
United States District Judge

---

[1] The Court notes that if Petitioner did, in fact, intend to petition for habeas relief under 28 U.S.C. § 2241, venue is nonetheless appropriate in the Eastern District. In either case, venue does not lie in this District.